DEC 2 1 2007

U.S.D.C. S.D. N.Y.
CASHIERS

Nicolas Swerdloff (swerdlof@hugheshubbard.com)
John Fellas (fellas@hugheshubbard.com)
Russell W. Jacobs (jacobsr@hugheshubbard.com)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

*Attorneys for Plaintiffs*

# 07 CV 11492

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

GRAMERCY ARGENTINA OPPORTUNITY FUND,
LTD., GRAMERCY EMERGING MARKETS FUND,
and PARTNERS GROUP ALTERNATIVE
STRATEGIES PCC LIMITED BLUE KAPPA CELL,

                                    Plaintiffs,

                    -against-


THE REPUBLIC OF ARGENTINA,

                                    Defendant.

------------------------------------------------------------------- x

07 CV

**COMPLAINT**

          Gramercy Argentina Opportunity Fund, Ltd. ("GAOF"), Gramercy Emerging

Markets Fund ("GEMF"), and Partners Group Alternative Strategies PCC Limited Blue Kappa

Cell ("Partners") (collectively, "Plaintiffs"), by their attorneys, Hughes Hubbard & Reed LLP,

for their Complaint allege as follows:

## Nature of Action

          1.    This is an action for breach of contract seeking over $60 million in

principal and interest owed under certain bonds issued by defendant the Republic of Argentina

(the "Republic"). The case is simple: (i) Plaintiffs are the beneficial owners of the bonds; (ii)

the Republic has failed to make any payments of principal or interest on those bonds; (iii) this failure constitutes a default under the governing instruments; and (iv) Plaintiffs notified the Republic of the default with respect to the bonds, thereby rendering the entire principal, together with all unpaid accrued interest, immediately due and payable. Indeed, this Court has repeatedly entered judgment against the Republic for defaulting on bonds held by other beneficial owners in circumstances identical to those here. *See, e.g., Franceschi v. Republic of Argentina*, No. 03 Civ. 4693, 2006 WL 2528460 (S.D.N.Y. Aug. 31, 2006); *Lightwater Corp. Ltd. v. Republic of Argentina*, No. 02 Civ. 3804, 2003 WL 1878420 (S.D.N.Y. Apr. 14, 2003). Judgment should be similarly entered against the Republic and in favor of Plaintiffs in this case.

### The Parties

2.      Plaintiff GAOF is a limited company organized and existing under the laws of the Cayman Islands with a principal place of business in the Cayman Islands.

3.      Plaintiff GEMF is a limited company organized and existing under the laws of the Cayman Islands with a principal place of business in the Cayman Islands.

4.      Plaintiff Partners is a protected cell company limited by shares organized and existing under the laws of Guernsey with a principal place of business in Guernsey.

5.      Defendant the Republic is a foreign state as defined in 28 U.S.C. § 1603(a).

### Jurisdiction

6.      This Court has jurisdiction pursuant to 28 U.S.C. § 1330.

7.      Venue is proper in this district by consent of the defendant and pursuant to 28 U.S.C. § 1391(f).

## The Par Bonds

8.     GEMF is the beneficial owner of certain bonds (the "Par Bonds"), issued by the Republic pursuant to a US Discount Bond and Par Bond Fiscal Agency Agreement dated as of December 6, 1992 (the "Par Bonds Fiscal Agency Agreement") and a Form of Discount Bond and Par Bond dated as of December 6, 1992 ("Par Bonds Form"), in the following amount and having the following identification codes, maturity date, and interest rate:

| Plaintiff | Bond Description | Principal Amount | ISIN | CUSIP | Maturity Date | Coupon |
|-----------|------------------|------------------|------|-------|---------------|--------|
| GEMF | Par Bonds | $250,000 | XS0043119147 | P04981BN8 | March 31, 2023 | 6% |

9.     Condition 10 of the Par Bonds Form defines an "Event of Default" by the Republic to include a failure to pay interest on a bond when due, as follows:

(a)     interest on any Bond is not paid when due and such default continues for a period of at least 30 days.

10.     The Republic has failed to make payments of interest on the Par Bonds since November 30, 2002.

11.     By reason of the foregoing, there has been an Event of Default with respect to interest on the Par Bonds and the Republic is in breach of its obligations under the Par Bonds Fiscal Agency Agreement. This default is continuing.

12.     Condition 10 of the 1992 Form further sets forth that if such Event of Default "is continuing, registered holders of 25% or more in aggregate outstanding principal amount of the Bonds may, by written demand to Argentina at the office of the Fiscal Agent, declare the Bonds immediately due and payable, whereupon the entire unpaid principal amount of the amounts payable in respect of the Bonds shall become and be forthwith due and payable,

60102115_1.DOC

without presentation, demand, protest or further notice of any kind, all of which are hereby expressly waived by Argentina."

13.    By notice dated February 2, 2007, the Fiscal Agent for the Republic advised that the holders of more than 25% of the principal amount outstanding of the Par Bonds had declared the bonds immediately due and payable. Accordingly, the principal on the Par Bonds is immediately due and payable by the Republic to GEMF.

14.    In accordance with Condition 10 of the 1992 Form, by letter dated December 21, 2007, plaintiff notified the Republic that it was declaring the principal and interest on the Par Bonds to be due and payable immediately.

15.    Pursuant to sections 16(b) and (c) of the 1992 Fiscal Agency Agreement, the Republic (i) appointed Banco de la Nacion Argentina as its agent for service of process, (ii) agreed to submit to the jurisdiction of this Court, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

### The EMTN Notes

16.    GAOF is the beneficial owner of certain notes (the "GAOF EMTN Notes"), all issued by the Republic pursuant to the Trust Deed dated as of July 27, 1993 (the "Trust Deed"), as supplemented by the 10th Supplemental Trust Deed dated May 26, 1998 (the "Tenth Supplement") (among other documents), Terms and Conditions of the Notes dated as of July 27, 1993 (the "Terms"), and the Pricing Supplement dated December 20, 1999, as part of the Republic's U.S.$15,000,000,000 Euro Medium-Term Note Programme (the "EMTN Programme"), in the following amouns and having the following identification code, maturity date, and interest rate:

4

| Plaintiff | Bond Description | Principal Amount | ISIN | Maturity Date | Coupon |
|-----------|------------------|------------------|------|---------------|--------|
| GAOF | EMTN Notes | €11,325,000 | XS105224470 | December 22, 2004 | Floating |

17.    GEMF is the beneficial owner of certain notes (the "GEMF EMTN Notes," collectively with the GAOF EMTN Notes, the "EMTN Notes"), all issued by the Republic pursuant to the Trust Deed dated as of July 27, 1993 (the "Trust Deed"), as supplemented by the 10th Supplemental Trust Deed dated May 26, 1998 (the "Tenth Supplement") (among other documents), Terms and Conditions of the Notes dated as of July 27, 1993 (the "Terms"), and the Pricing Supplement dated December 20, 1999, as part of the EMTN Programme, in the following amount and having the following identification code, maturity date, and interest rate:

| Plaintiff | Bond Description | Principal Amount | ISIN | Maturity Date | Coupon |
|-----------|------------------|------------------|------|---------------|--------|
| GEMF | EMTN Notes | €206,000 | XS105224470 | December 22, 2004 | Floating |

18.    Section 10 of the Terms defines "Events of Default" to include the following, *inter alia*:

(a)    *Non-Payment:* the Republic fails to pay any principal (or Amortised Face Amount) of any of the Notes when due and payable or fails to pay any interest on any of the Notes when due and payable and such failure continues for a period of 30 days.

(Terms at p. 46.)

60102115_1.DOC

19.    The Republic has failed to pay interest or principal on the EMTN Notes, even though the maturity date of December 22, 2004 has passed.

20.    By reason of the foregoing, there has been an Event of Default on the EMTN Notes, and the Republic is in breach of its obligations to GAOF and GEMF. This default is continuing.

21.    By notice dated May 29, 2007, The Bank of New York, the trustee with respect to the EMTN Notes, advised that such notes had been "declared immediately due and payable by the [t]rustee or its predecessors." The Bank of New York also advised, however, that it "does not intend to take any action against the Republic to enforce the terms of the Trust Deed, the [EMTN] Notes and the Coupons" even though "[t]he Republic has shown no intention of honouring the demands for payment made by the [t]rustee and its predecessors.. . ."

22.    By letters to The Bank of New York, as the trustee with respect to the Notes, dated December 21, 2007, GAOF and GEMF declared the principal of the EMTN Notes to be due and payable immediately, and any applicable interest to be immediately payable as well, and demanded that The Bank of New York commence proceedings against the Republic.

23.    Upon information and belief, the Bank of New York has not commenced proceedings against the Republic.

24.    Pursuant to sections 17.2-17.4 of the Trust Deed, the Republic (i) appointed Banco de la Nacion Argentina as its agent for service of process, (ii) agreed to submit to the jurisdiction of this Court, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

25.    By reason of the foregoing, the Republic has breached its contractual obligations to GEMF and is liable for damages in an amount to be determined at trial, plus interest.

### The 1994 Bonds

26.    GAOF is the beneficial owner of certain bonds (collectively, the "GAOF 1994 Bonds"), all issued by the Republic pursuant to a Fiscal Agency Agreement dated as of October 19, 1994 (the "1994 Fiscal Agency Agreement"), in the following amounts and having the following identification codes, maturity dates, and interest rates:

| Plaintiff | Bond Description | Principal Amount | ISIN | CUSIP | Maturity Date | Coupon |
|-----------|------------------|------------------|------|-------|---------------|--------|
| GAOF | Global Bonds 2006 | $9,196,000 | US040114AN02 | 040114AN0 | October 9, 2006 | 11.00% |
| GAOF | Euro Bonds 2008 | €3,606,000 | XS0086333472 | 00863347 | April 21, 2008 | 8.125% |
| GAOF | Global Bonds 2017 | $492,000 | US040114AR16 | 040114AR1 | January 30, 2017 | 11.375% |

27.    GEMF is the beneficial owner of certain bonds (collectively, the "GEMF 1994 Bonds"), all issued by the Republic pursuant to the 1994 Fiscal Agency Agreement, in the following amounts and having the following identification codes, maturity dates, and interest rates:

| Plaintiff | Bond Description | Principal Amount | ISIN | CUSIP | Maturity Date | Coupon |
|-----------|------------------|------------------|------|-------|---------------|--------|
| GEMF | SPANs 2002 | $5,180,000 | US040114AW01 | 040114AW0 | November 2, 2002 | 14.25% |
| GEMF | Global Bonds 2006 | $6,450,000 | US040114AN02 | 040114AN0 | October 9, 2006 | 11.00% |
| GEMF | USD Bonds 2008 | $2,000,000 | US040114GF14 | 040114GF1 | December 19, 2008 | 15.00% |
| GEMF | Euro Bonds | €14,005,000 | XS0086333472 | 00863347 | April 21, | 8.125% |

7

| | 2008 | | | | 2008 | |
|---|---|---|---|---|---|---|
| GEMF | Global Bonds 2010 | $6,202,000 | US040114FC91 | 040114FC9 | March 15, 2010 | 11.75% |
| GEMF | Global Bonds 2015 | $3,504,000 | US040114GA27 | 040114GA2 | June 15, 2015 | 11.75% |
| GEMF | Global Bonds 2017 | $508,000 | US040114AR16 | 040114AR1 | January 30, 2017 | 11.375% |
| GEMF | Global Bonds 2029 | $11,175,000 | US040114BD11 | 040114BD1 | March 1, 2029 | 8.875% |

28.    Partners is the beneficial owner of certain bonds (collectively, the "Partners 1994 Bonds" and collectively with the GAOF 1994 Bonds and the GEMF 1994 Bonds, the "1994 Bonds"), all issued by the Republic pursuant to the 1994 Fiscal Agency Agreement, in the following amounts and having the following identification codes, maturity dates, and interest rates:

| Plaintiff | Bond Description | Principal Amount | ISIN | CUSIP | Maturity Date | Coupon |
|---|---|---|---|---|---|---|
| Partners | SPANs 2002 | $242,000 | US040114AW01 | 040114AW0 | November 2, 2002 | 14.25% |
| Partners | Global Bonds 2006 | $155,000 | US040114AN02 | 040114AN0 | October 9, 2006 | 11.00% |
| Partners | Global Bonds 2010 | $1,000,000 | US040114FC91 | 040114FC9 | March 15, 2010 | 11.75% |
| Partners | Global Bonds 2015 | $750,000 | US040114GA27 | 040114GA2 | June 15, 2015 | 11.75% |
| Partners | Global Bonds 2029 | $2,000,000 | US040114BD11 | 040114BD1 | March 1, 2029 | 8.875% |

29.    Section 12 of the 1994 Fiscal Agency Agreement defines an "Event of Default" by the Republic to include non-payment of principal or interest on any bonds issued pursuant to such Fiscal Agency Agreement, as follows:

(a)    Non-Payment:  the Republic fails to pay any principal of any of the Securities of such Series when due and payable or fails

8

to pay any interest on any of the Securities of such Series when
due and payable and such failure continues for a period of 30 days.

30.    Since 2002, the Republic has failed to make payments of interest on the
1994 Bonds when due and payable.  The Republic has made no payments of principal on the
1994 Bonds.

31.    By reason of the foregoing, there has been an Event of Default with
respect to principal and interest on the 1994 Bonds, and the Republic is in breach of its bond
obligations.  This default is continuing.

32.    Paragraph 12(d) of the 1994 Fiscal Agency Agreement authorize a bond
holder, upon the occurrence of an Event of Default as set forth in paragraph 12(d), to give the
Republic written notice and declare "the principal amount of Securities of such Series held by it
to be due and payable immediately," together with all accrued interest.

33.    In accordance with paragraph 12 of the 1994 Fiscal Agency Agreement,
by separate letters dated December 21, 2007, each Plaintiff, through its attorneys, notified the
Republic that it was declaring the principal and interest on its bonds to be due and payable
immediately.

34.    Moreover, pursuant to Section 22 of the 1994 Fiscal Agency Agreement,
the Republic (i) appointed Banco de la Nacion Argentina as its agent for service of process, (ii)
agreed to submit to the jurisdiction of this Court, and (iii) agreed to waive any claim of
immunity, including, but not limited to, sovereign immunity.

## COUNT ONE
### Default On The Par Bonds

35.    Plaintiff GEMF repeats and realleges each of the allegations contained in
paragraphs 1-34 as if set forth here at length.

9

36.    As set forth above, GEMF acquired bonds with the principal amount of $250,000, identified by CUSIP P04981BN8 ISIN XS0043119147, and with a maturity date of March 31, 2023, and continues to own those bonds.

37.    As set forth above, the Republic has failed to make payments of interest on the Par Bonds since November 30, 2002.

38.    As set forth above, there has been an Event of Default on the Par Bonds, and the Republic is in breach of its obligations under the Par Bonds Form.

39.    As set forth above, by notice dated February 2, 2007, the Fiscal Agent advised that holders of more than 25% of the principal amount outstanding of the Par Bonds had declared the bonds immediately due and payable. As also set forth above, by letter December 21, 2007, GEMF notified the Republic that it was declaring the principal and interest on the Par Bonds to be due and payable immediately.

40.    By reason of the foregoing, the Republic has breached its contractual obligations and is liable for damages in an amount to be determined at trial, plus interest.

## COUNT TWO
### Default On The GAOF EMTN Notes

41.    Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-34 as if set forth here at length.

42.    As set forth above, GAOF acquired notes with the principal amount of €11,325,000, identified by ISIN XS105224470, and with a maturity date of December 22, 2004, and continues to own those notes.

43.    As set forth above, the Republic has failed to make payments of interest on the GAOF EMTN Notes and has never made payments of principal on the GAOF EMTN Notes.

10

44.    As set forth above, there has been an Event of Default on the GAOF EMTN Notes, and the Republic is in breach of its obligations under the Trust Deed and the Terms.

45.    As set forth above, by letter December 21, 2007, GAOF notified the Trustee that it was declaring the principal and interest on the GAOF EMTN Bonds to be due and payable immediately.

46.    By reason of the foregoing, the Republic has breached its contractual obligations and is liable for damages in an amount to be determined at trial, plus interest.

## COUNT THREE
### Default On The GEMF EMTN Notes

47.    Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-34 as if set forth here at length.

48.    As set forth above, GEMF acquired notes with the principal amount of €206,000, identified by ISIN XS105224470, and with a maturity date of December 22, 2004, and continues to own those notes.

49.    As set forth above, the Republic has failed to make payments of interest on the GEMF EMTN Notes and has never made payments of principal on the GEMF EMTN Notes.

50.    As set forth above, there has been an Event of Default on the GEMF EMTN Notes, and the Republic is in breach of its obligations under the Trust Deed and the Terms.

51.    As set forth above, by letter December 21, 2007, GEMF notified the Trustee that it was declaring the principal and interest on the GAOF EMTN Bonds to be due and payable immediately.

11

52.     By reason of the foregoing, the Republic has breached its contractual obligations and is liable for damages in an amount to be determined at trial, plus interest.

## COUNT FOUR
### Default On The 2006 GAOF Bonds

53.     Plaintiff GAOF repeats and realleges each of the allegations contained in paragraphs 1-34 as if set forth here at length.

54.     As set forth above, GAOF acquired bonds with the principal amount of $9,196,000.00, identified by CUSIP 040114AN0 and ISIN US040114AN02, and with a maturity date of October 9, 2006 (the "2006 GAOF Bonds"), and continues to own those bonds.

55.     As set forth above, the Republic has failed to make payments of interest on the 2006 GAOF Bonds and has never made payments of principal on the 2006 GAOF Bonds.

56.     As set forth above, there has been an Event of Default on the 2006 GAOF Bonds, and the Republic is in breach of its bond obligations.

57.     As set forth above, by letter dated December 21, 2007, GAOF notified the Republic that it was declaring the principal and interest on the 2006 GAOF Bonds to be due and payable immediately.

58.     By reason of the foregoing, the Republic has breached its contractual obligations to GAOF and is liable for damages to GAOF in an amount to be determined at trial, plus interest.

## COUNT FIVE
### Default On The Euro 2008 GAOF Bonds

59.     Plaintiff GAOF repeats and realleges each of the allegations contained in paragraphs 1-34 as if set forth here at length.

60.    As set forth above, GAOF acquired bonds with the principal amount of €3,606,000, identified by CUSIP 00863347 and ISIN XS0086333472, and with a maturity date of April 21, 2008 (the "Euro 2008 GAOF Bonds"), and continues to own those bonds.

61.    As set forth above, the Republic has failed to make payments of interest on the Euro 2008 GAOF Bonds and has never made payments of principal on the Euro 2008 GAOF Bonds.

62.    As set forth above, there has been an Event of Default on the Euro 2008 GAOF Bonds, and the Republic is in breach of its bond obligations.

63.    As set forth above, by letter dated December 21, 2007, GAOF notified the Republic that it was declaring the principal and interest on the Euro 2008 GAOF Bonds to be due and payable immediately.

64.    By reason of the foregoing, the Republic has breached its contractual obligations to GAOF and is liable for damages to GAOF in an amount to be determined at trial, plus interest.

## COUNT SIX
## Default On The 2017 GAOF Bonds

65.    Plaintiff GAOF repeats and realleges each of the allegations contained in paragraphs 1-34 as if set forth here at length.

66.    As set forth above, GAOF acquired bonds with the principal amount of $492,000, identified by CUSIP 040114AR1 and ISIN US040114AR16, and with a maturity date of January 30, 2017 (the "2017 GAOF Bonds"), and continues to own those bonds.

67.    As set forth above, the Republic has failed to make payments of interest on the 2017 GAOF Bonds and has never made payments of principal on the 2017 GAOF Bonds.

68.    As set forth above, there has been an Event of Default on the 2017 GAOF Bonds, and the Republic is in breach of its bond obligations.

69.    As set forth above, by letter dated December 21, 2007, GAOF notified the Republic that it was declaring the principal and interest on the 2017 GAOF Bonds to be due and payable immediately.

70.    By reason of the foregoing, the Republic has breached its contractual obligations to GAOF and is liable for damages to GAOF in an amount to be determined at trial, plus interest.

## COUNT SEVEN
## Default On The 2002 GEMF SPANs

71.    Plaintiff GEMF repeats and realleges each of the allegations contained in paragraphs 1-34 as if set forth here at length.

72.    As set forth above, GEMF acquired bonds with the principal amount of $5,180,000.00, identified by CUSIP 040114AW0 and ISIN US040114AW01, and with a maturity date of November 2, 2002 (the "2002 GEMF SPANs"), and continues to own those bonds.

73.    As set forth above, the Republic has failed to make payments of interest on the 2002 GEMF SPANs and has never made payments of principal on the 2002 GEMF SPANs.

74.    As set forth above, there has been an Event of Default on the 2002 GEMF SPANs, and the Republic is in breach of its bond obligations.

75.    As set forth above, by letter dated December 21, 2007, GEMF notified the Republic that it was declaring the principal and interest on the 2002 GEMF SPANs to be due and payable immediately.

14

76.    By reason of the foregoing, the Republic has breached its contractual obligations to GEMF and is liable for damages to GEMF in an amount to be determined at trial, plus interest.

## COUNT EIGHT
### Default On The 2006 GEMF Bonds

77.    Plaintiff GEMF repeats and realleges each of the allegations contained in paragraphs 1-34 as if set forth here at length.

78.    As set forth above, GEMF acquired bonds with the principal amount of $6,450,000, identified by CUSIP 040114AN0 and ISIN US040114AN02, and with a maturity date of October 9, 2006 (the "2006 GEMF Bonds"), and continues to own those bonds.

79.    As set forth above, the Republic has failed to make payments of interest on the 2006 GEMF Bonds and has never made payments of principal on the 2006 GEMF Bonds.

80.    As set forth above, there has been an Event of Default on the 2006 GEMF Bonds, and the Republic is in breach of its bond obligations.

81.    As set forth above, by letter dated December 21, 2007, GEMF notified the Republic that it was declaring the principal and interest on the 2006 GEMF Bonds to be due and payable immediately.

82.    By reason of the foregoing, the Republic has breached its contractual obligations to GEMF and is liable for damages to GEMF in an amount to be determined at trial, plus interest.

## COUNT NINE
### Default On The USD 2008 GEMF Bonds

83.    Plaintiff GEMF repeats and realleges each of the allegations contained in paragraphs 1-34 as if set forth here at length.

60102115_1.DOC

84.    As set forth above, GEMF acquired bonds with the principal amount of $2,000,000, identified by CUSIP 040114GF1 and ISIN US040114GF14, and with a maturity date of December 19, 2008 (the "USD 2008 GEMF Bonds"), and continues to own those bonds.

85.    As set forth above, the Republic has failed to make payments of interest on the USD 2008 GEMF Bonds and has never made payments of principal on the USD 2008 GEMF Bonds.

86.    As set forth above, there has been an Event of Default on the USD 2008 GEMF Bonds, and the Republic is in breach of its bond obligations.

87.    As set forth above, by letter dated December 21, 2007, GEMF notified the Republic that it was declaring the principal and interest on the USD 2008 GEMF Bonds to be due and payable immediately.

88.    By reason of the foregoing, the Republic has breached its contractual obligations to GEMF and is liable for damages to GEMF in an amount to be determined at trial, plus interest.

## COUNT TEN
## Default On The Euro 2008 GEMF Bonds

89.    Plaintiff GEMF repeats and realleges each of the allegations contained in paragraphs 1-34 as if set forth here at length.

90.    As set forth above, GEMF acquired bonds with the principal amount of €14,005,000, identified by CUSIP 00863347 and ISIN XS0086333472, and with a maturity date of April 21, 2008 (the "Euro 2008 GEMF Bonds"), and continues to own those bonds.

91.    As set forth above, the Republic has failed to make payments of interest on the Euro 2008 GEMF Bonds and has never made payments of principal on the Euro 2008 GEMF Bonds.

92.    As set forth above, there has been an Event of Default on the Euro 2008 GEMF Bonds, and the Republic is in breach of its bond obligations.

93.    As set forth above, by letter dated December 21, 2007, GEMF notified the Republic that it was declaring the principal and interest on the Euro 2008 GEMF Bonds to be due and payable immediately.

94.    By reason of the foregoing, the Republic has breached its contractual obligations to GEMF and is liable for damages to GEMF in an amount to be determined at trial, plus interest.

**COUNT ELEVEN**
**Default On The 2010 GEMF Bonds**

95.    Plaintiff GEMF repeats and realleges each of the allegations contained in paragraphs 1-34 as if set forth here at length.

96.    As set forth above, GEMF acquired bonds with the principal amount of $6,202,000, identified by CUSIP 040114FC9 and ISIN US040114FC91, and with a maturity date of March 15, 2010 (the "2010 GEMF Bonds"), and continues to own those bonds.

97.    As set forth above, the Republic has failed to make payments of interest on the 2010 GEMF Bonds and has never made payments of principal on the 2010 GEMF Bonds.

98.    As set forth above, there has been an Event of Default on the 2010 GEMF Bonds, and the Republic is in breach of its bond obligations.

99.    As set forth above, by letter dated December 21, 2007, GEMF notified the Republic that it was declaring the principal and interest on the 2010 GEMF Bonds to be due and payable immediately.

100.     By reason of the foregoing, the Republic has breached its contractual obligations to GEMF and is liable for damages to GEMF in an amount to be determined at trial, plus interest.

## COUNT TWELVE
### Default On The 2015 GEMF Bonds

101.     Plaintiff GEMF repeats and realleges each of the allegations contained in paragraphs 1-34 as if set forth here at length.

102.     As set forth above, GEMF acquired bonds with the principal amount of $3,504,000, identified by CUSIP 040114GA2 and ISIN US040114GA27, and with a maturity date of June 15, 2015 (the "2015 GEMF Bonds"), and continues to own those bonds.

103.     As set forth above, the Republic has failed to make payments of interest on the 2015 GEMF Bonds and has never made payments of principal on the 2015 GEMF Bonds.

104.     As set forth above, there has been an Event of Default on the 2015 GEMF Bonds, and the Republic is in breach of its bond obligations.

105.     As set forth above, by letter dated December 21, 2007, GEMF notified the Republic that it was declaring the principal and interest on the 2015 GEMF Bonds to be due and payable immediately.

106.     By reason of the foregoing, the Republic has breached its contractual obligations to GEMF and is liable for damages to GEMF in an amount to be determined at trial, plus interest.

## COUNT THIRTEEN
### Default On The 2017 GEMF Bonds

107.     Plaintiff GEMF repeats and realleges each of the allegations contained in paragraphs 1-34 as if set forth here at length.

60102115 1.DOC

108.    As set forth above, GEMF acquired bonds with the principal amount of $508,000, identified by CUSIP 040114AR1 and ISIN US040114AR16, and with a maturity date of January 30, 2017 (the "2017 GEMF Bonds"), and continues to own those bonds.

109.    As set forth above, the Republic has failed to make payments of interest on the 2017 GEMF Bonds and has never made payments of principal on the 2017 GEMF Bonds.

110.    As set forth above, there has been an Event of Default on the 2017 GEMF Bonds, and the Republic is in breach of its bond obligations.

111.    As set forth above, by letter dated December 21, 2007, GEMF notified the Republic that it was declaring the principal and interest on the 2017 GEMF Bonds to be due and payable immediately.

112.    By reason of the foregoing, the Republic has breached its contractual obligations to GEMF and is liable for damages to GEMF in an amount to be determined at trial, plus interest.

## COUNT FOURTEEN
### Default On The 2029 GEMF Bonds

113.    Plaintiff GEMF repeats and realleges each of the allegations contained in paragraphs 1-34 as if set forth here at length.

114.    As set forth above, GEMF acquired bonds with the principal amount of $11,175,000, identified by CUSIP 040114BD1 and ISIN US040114BD11, and with a maturity date of March 1, 2029 (the "2029 GEMF Bonds"), and continues to own those bonds.

115.    As set forth above, the Republic has failed to make payments of interest on the 2029 GEMF Bonds and has never made payments of principal on the 2029 GEMF Bonds.

116.    As set forth above, there has been an Event of Default on the 2029 GEMF Bonds, and the Republic is in breach of its bond obligations.

60102115_1.DOC

117.    As set forth above, by letter dated December 21, 2007, GEMF notified the Republic that it was declaring the principal and interest on the 2029 GEMF Bonds to be due and payable immediately.

118.    By reason of the foregoing, the Republic has breached its contractual obligations to GEMF and is liable for damages to GEMF in an amount to be determined at trial, plus interest.

**COUNT FIFTEEN**
**Default On The 2002 Partners SPANs**

119.    Plaintiff Partners repeats and realleges each of the allegations contained in paragraphs 1-34 as if set forth here at length.

120.    As set forth above, Partners acquired bonds with the principal amount of $242,000.00, identified by CUSIP 040114AW0 and ISIN US040114AW01, and with a maturity date of November 2, 2002 (the "2002 Partners SPANs"), and continues to own those bonds.

121.    As set forth above, the Republic has failed to make payments of interest on the Partners 2002 SPANs and has never made payments of principal on the 2002 Partners SPANs.

122.    As set forth above, there has been an Event of Default on the 2002 Partners SPANs, and the Republic is in breach of its bond obligations.

123.    As set forth above, by letter dated December 21, 2007, Partners notified the Republic that it was declaring the principal and interest on the 2002 Partners SPANs to be due and payable immediately.

124.    By reason of the foregoing, the Republic has breached its contractual obligations to Partners and is liable for damages to Partners in an amount to be determined at trial, plus interest.

## COUNT SIXTEEN
### Default On The 2006 Partners Bonds

125.    Plaintiff Partners repeats and realleges each of the allegations contained in paragraphs 1-34 as if set forth here at length.

126.    As set forth above, Partners acquired bonds with the principal amount of $155,000, identified by CUSIP 040114AN0 and ISIN US040114AN02, and with a maturity date of October 9, 2006 (the "2006 Partners Bonds"), and continues to own those bonds.

127.    As set forth above, the Republic has failed to make payments of interest on the 2006 Partners Bonds and has never made payments of principal on the 2006 Partners Bonds.

128.    As set forth above, there has been an Event of Default on the 2006 Partners Bonds, and the Republic is in breach of its bond obligations.

129.    As set forth above, by letter dated December 21, 2007, Partners notified the Republic that it was declaring the principal and interest on the 2006 Partners Bonds to be due and payable immediately.

130.    By reason of the foregoing, the Republic has breached its contractual obligations to Partners and is liable for damages to Partners in an amount to be determined at trial, plus interest.

## COUNT SEVENTEEN
### Default On The 2010 Partners Bonds

131.    Plaintiff Partners repeats and realleges each of the allegations contained in paragraphs 1-34 as if set forth here at length.

132.    As set forth above, Partners acquired bonds with the principal amount of $1,000,000, identified by CUSIP 040114FC9 and ISIN US040114FC91, and with a maturity date of March 15, 2010 (the "2010 Partners Bonds"), and continues to own those bonds.

21

133.    As set forth above, the Republic has failed to make payments of interest on the 2010 Partners Bonds and has never made payments of principal on the 2010 Partners Bonds.

134.    As set forth above, there has been an Event of Default on the 2010 Partners Bonds, and the Republic is in breach of its bond obligations.

135.    As set forth above, by letter dated December 21, 2007, Partners notified the Republic that it was declaring the principal and interest on the 2010 Partners Bonds to be due and payable immediately.

136.    By reason of the foregoing, the Republic has breached its contractual obligations to Partners and is liable for damages to Partners in an amount to be determined at trial, plus interest.

## COUNT EIGHTEEN
### Default On The 2015 Partners Bonds

137.    Plaintiff Partners repeats and realleges each of the allegations contained in paragraphs 1-34 as if set forth here at length.

138.    As set forth above, Partners acquired bonds with the principal amount of $750,000, identified by CUSIP 040114GA2 and ISIN US040114GA27, and with a maturity date of June 15, 2015 (the "2015 Partners Bonds"), and continues to own those bonds.

139.    As set forth above, the Republic has failed to make payments of interest on the 2015 Partners Bonds and has never made payments of principal on the 2015 Partners Bonds.

140.    As set forth above, there has been an Event of Default on the 2015 Partners Bonds, and the Republic is in breach of its bond obligations.

22

141.    As set forth above, by letter dated December 21, 2007, Partners notified the Republic that it was declaring the principal and interest on the 2015 Partners Bonds to be due and payable immediately.

142.    By reason of the foregoing, the Republic has breached its contractual obligations to Partners and is liable for damages to Partners in an amount to be determined at trial, plus interest.

## COUNT NINETEEN
### Default On The 2029 Partners Bonds

143.    Plaintiff Partners repeats and realleges each of the allegations contained in paragraphs 1-34 as if set forth here at length.

144.    As set forth above, Partners acquired bonds with the principal amount of $2,000,000, identified by CUSIP 040114BD1 and ISIN US040114BD11, and with a maturity date of March 1, 2029 (the "2029 Partners Bonds"), and continues to own those bonds.

145.    As set forth above, the Republic has failed to make payments of interest on the 2029 Partners Bonds and has never made payments of principal on the 2029 Partners Bonds.

146.    As set forth above, there has been an Event of Default on the 2029 Partners Bonds, and the Republic is in breach of its bond obligations.

147.    As set forth above, by letter dated December 21, 2007, Partners notified the Republic that it was declaring the principal and interest on the 2029 Partners Bonds to be due and payable immediately.

148.    By reason of the foregoing, the Republic has breached its contractual obligations to Partners and is liable for damages to Partners in an amount to be determined at trial, plus interest.

WHEREFORE, Plaintiffs demand judgment as follows:

i.    On Count One, awarding GEMF damages against the Republic in an amount to be determined, plus interest;

ii.    On Count Two, awarding GAOF damages against the Republic in an amount to be determined, plus interest;

iii.    On Count Three, awarding GEMF damages against the Republic in an amount to be determined, plus interest;

iv.    On Count Four, awarding GAOF damages against the Republic in an amount to be determined, plus interest;

v.    On Count Five, awarding GAOF damages against the Republic in an amount to be determined, plus interest;

vi.    On Count Six, awarding GAOF damages against the Republic in an amount to be determined, plus interest;

vii.    On Count Seven, awarding GEMF damages against the Republic in an amount to be determined, plus interest;

viii.    On Count Eight, awarding GEMF damages against the Republic in an amount to be determined, plus interest;

ix.    On Count Nine, awarding GEMF damages against the Republic in an amount to be determined, plus interest;

x.    On Count Ten, awarding GEMF damages against the Republic in an amount to be determined, plus interest;

xi.    On Count Eleven, awarding GEMF damages against the Republic in an amount to be determined, plus interest;

xii.    On Count Twelve, awarding GEMF damages against the Republic in an amount to be determined, plus interest;

xiii.    On Count Thirteen, awarding GEMF damages against the Republic in an amount to be determined, plus interest;

xiv.    On Count Fourteen, awarding GEMF damages against the Republic in an amount to be determined, plus interest;

xv.    On Count Fifteen, awarding Partners damages against the Republic in an amount to be determined, plus interest;

xvi.    On Count Sixteen, awarding Partners damages against the Republic in an amount to be determined, plus interest;

xvii.    On Count Seventeen, awarding Partners damages against the Republic in an amount to be determined, plus interest;

xviii.    On Count Eighteen, awarding Partners damages against the Republic in an amount to be determined, plus interest;

xix.    On Count Nineteen, awarding Partners damages against the Republic in an amount to be determined, plus interest;

xx.    Awarding Plaintiffs costs, prejudgment interest, attorneys' fees and such other and additional relief as the Court deems just and proper.

Dated: New York, New York
     December 21, 2007

HUGHES HUBBARD & REED LLP


By: _____
    Nicolas Swerdloff (swerdlof@hugheshubbard.com)
    John Fellas (fellas@hugheshubbard.com)
    Russell W. Jacobs (jacobsr@hugheshubbard.com)
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

*Attorneys for Plaintiffs*